# EXHIBIT A

STATE OF NEW YORK        :
SUPREME COURT            :        COUNTY OF ERIE

_____

DENISE PIECHOWICZ, Individually and as
Administratrix of the Estate of J. P., Deceased
16 Liberty Ave
Lancaster, NY  14086

                    Plaintiff

                                                    **SUMMONS**
    vs.                                         **Served with Complaint**
                                                      **Index #**

LANCASTER CENTRAL SCHOOL DISTRICT
177 Central Avenue
Lancaster, New York  14086

PETER F. KRUSZYNSKI
177 Central Aveunue
Lancaster, New York  14086

LANCASTER BOARD OF EDUCATION
177 Central Avenue
Lancaster, New York  14086

KENNETH  GRABER, ESQ.
177 Central; Avenue
Lancaster, New York  14086

PATRICK  UHTEG
177 Central Avenue
Lancaster, New York  14086

WENDY BUCHERT
177 Central Avenue
Lancaster, New York  14086

- BROWN CHIARI LLP -

FILED: ERIE COUNTY CLERK 08/03/2017 05:19 PM
INDEX NO. 810677/2017

NYSCEF DOC. NO. 1
Case 1:17-cv-00845-LJV-LGF  Document 1-1  Filed 08/28/17  Page 3 of 25
RECEIVED NYSCEF: 08/04/2017

- Page 2 -

WILLIAM GALLAGHER
177 Central Avenue
Lancaster, New York 14086

MARY MACKAY
177 Central Avenue
Lancaster, New York 14086

KIMBERLY NOWAK
177 Central Avenue
Lancaster, New York 14086

MICHAEL SAGE
177 Central Aveunue
Lancaster, New York 14086

MICHAEL VALLELY, PhD
177 Central Avenue
Lancaster, New York 14086

MARIE PERINI
177 Central Avenue
Lancaster, New York 14086

JOHN ARMSTRONG
177 Central Avenue
Lancaster, New York 14086

ANDREW KUFEL
177 Central Avenue
Lancaster, New York 14086

Defendants

To the above named Defendants:

**YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon the Plaintiff's attorneys, at the address stated below, a written Answer to the attached Complaint.

If this Summons is served upon you within the State of New York by personal service you must respond within **TWENTY (20)** days after service, not counting the day of service. If

FILED: ERIE COUNTY CLERK 08/03/2017 05:19 PM
NYSCEF DOC. NO. 1

INDEX NO. 810677/2017

RECEIVED NYSCEF: 08/04/2017

Case 1:17-cv-00845-LJV-LGF   Document 1-1   Filed 08/28/17   Page 4 of 25

- Page 3 -

this Summons is not personally delivered to you within the State of New York you must respond within **THIRTY (30)** days after service is completed, as provided by law.

If you do not respond to the attached Complaint within the applicable time limitation stated above, a Judgment will be entered against you, by default, for the relief demanded in the Complaint, without further notice to you.

This action is brought in the County of Erie because of:

[X]   Plaintiff's residence or place of business;
[  ]   Defendants' residence; or
[  ]   Designation made by Plaintiff.


DATED: Buffalo, New York
       August 3, 2017

Colleen P. Fahey, Esq. for
BROWN CHIARI LLP
**Attorneys for Plaintiff**
2470 Walden Avenue
Buffalo, New York 14225-4751
(716) 681-7190

STATE OF NEW YORK    :
SUPREME COURT      :      COUNTY OF ERIE

---

DENISE PIECHOWICZ, Individually and as
Administratrix of the Estate of J. P., Deceased

                    Plaintiff

     vs.

LANCASTER CENTRAL SCHOOL DISTRICT
PETER F. KRUSZYNSKI
LANCASTER BOARD OF EDUCATION
KENNETH GRABER, ESQ.
PATRICK UHTEG
WENDY BUCHERT
WILLIAM GALLAGHER
MARY MACKAY
KIMBERLY NOWAK
MICHAEL SAGE
MICHAEL VALLELY, PhD
MARIE PERINI
JOHN ARMSTRONG
ANDREW KUFEL

                    Defendants

**CERTIFIED
COMPLAINT**
Index #

---

      Plaintiff, Denise Piechowicz Individually and on behalf of J. P.; Denise Piechowicz, as

duly appointed Administratrix of the Estate of J. P., as and for the Complaint against

Defendants, Lancaster Central School District, Peter F. Kruszynski, Lancaster Board of

Education, Kenneth Graber, Esq., Patrick Uhteg, Wendy Buchert, William Gallagher, Mary

Mackay, Kimberly Nowak, Michael Sage, Michael Vallely, Marie Perini, John Armstrong, and

Andrew Kufel.

FILED: ERIE COUNTY CLERK 08/03/2017 05:19 PM
NYSCEF DOC. NO. 1
INDEX NO. 810677/2017
RECEIVED NYSCEF: 08/04/2017

Case 1:17-cv-00845-LJV-LGF   Document 1-1   Filed 08/28/17   Page 6 of 25

- Page 2 -

## PRELIMINARY STATEMENT

1.      This Complaint for personal injuries, deprivation of rights, and wrongful death is brought under the common law of New York, the Constitutions of the United States and State of New York; N.Y. Estate Powers & Trust Law § 5-4.1; the Civil Rights Law of 1871, 42 U.S.C. § 1983, *et seq.*; the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"); the Rehabilitation Act of 1973, 29 U.S.C. § 701 ("Rehabilitation Act"); and N.Y. Civil Rights Law § 79-n.

## PARTIES

2.      Plaintiff, Denise Piechowicz is a natural person and resident of the State of New York, County of Erie. She is the mother of the late J. P.

3.      Plaintiff, Denise Piechowicz was appointed Administratrix of the Estate of J. P., by the Surrogates Court of the State of New York in and for the County of Erie, on May 26, 2016.

4.      At all times relevant hereto, Plaintiff J. P., was a natural born person and resident of the State of New York, County of Erie. Plaintiff, J. P. was born on XXXX XX, 2002, and died on May 6, 2016.

5.      Defendant, Lancaster Central School District ("School District"), a recipient of federal financial assistance, is a school district duly organized and existing under the laws of the State of New York and maintains a principal place of business in the County of Erie, State of New York.

6.     At all times relevant hereto, Defendant Peter F. Kruszynski, was the Principle of the Lancaster Central Middle School. He is sued in both his individual and official capacity.

7.     The Board of Education of the Lancaster Central School District Defendant herein, is the duly elected Board of Education of the Lancaster Central School District.

8.     At all times relevant hereto, Defendant Kenneth Graber, Esq., was the President of the Board of Education of the Lancaster Central School District. He is sued both in his individual and official capacity.

9.     At all times relevant hereto, Defendant Patrick Uhteg, was the Vice President of the Board of Education of the Lancaster Central School District. He is sued in both his individual and official capacity.

10.     At all times relevant hereto, Defendant Wendy Buchert, was a Member of the Board of Education of the Lancaster Central School District. She is sued in both her individual and official capacity as a Board Member.

11.     At all times relevant hereto, Defendant William Gallagher, was a Member of the Board of Education of the Lancaster Central School District. He is sued in both his individual and official capacity as a Board Member.

12.     At all times relevant hereto, Defendant Marie MacKay, was a Member of the Board of Education of the Lancaster Central School District. She is sued in both her individual and official capacity as a Board Member.

13. At all times relevant hereto, Defendant Kimberly Nowak, was a Member of the Board of Education of the Lancaster Central School District. She is sued in both her individual and official capacity as a Board Member.

14. At all times relevant hereto, Defendant Michael Sage, was a Member of the Board of Education of the Lancaster Central School District. He is sued in both his individual and official capacity as a Board Member.

15. At all times relevant hereto, Defendant Michael Vallely, PhD, was the Superintendent of the Lancaster Central School District. He is sued in both his individual and official capacity.

16. Defendants Kenneth Graber, Esq., Patrick Uhteg, Wendy Burchert, William Gallagher, Mary Mackay, Kimberly Nowak, and Michael Sage are hereinafter collectively referred to as the "BOARD MEMBERS."

17. At all times relevant hereto, Defendant Marie Perini, EdD, was the Asstistant Superintendent for Curriculum, Instruction & Pupil Services of the Lancaster Central School District. She is sued in both her individual and official capacity.

18. At all times relevant hereto, Defendant John Armstrong, was the Director of Special Education of the Lancaster Central School District. He is sued in both his individual and official Capacity.

19. At all times relevant hereto, Defendant Andrew Kufel, PhD, was the Director of Secondary Education of the Lancaster Central School District. He is sued in both his individual and official capacity.

FILED: ERIE COUNTY CLERK 08/03/2017 05:19 PM
NYSCEF DOC. NO. 1
INDEX NO. 810677/2017
RECEIVED NYSCEF: 08/04/2017

Case 1:17-cv-00845-LJV-LGF   Document 1-1   Filed 08/28/17   Page 9 of 25

- Page 5 -

### CONDITIONS PRECEDENT

20.     On or About August 2, 2016, a Notice of Claim was duly served on Defendants, Lancaster Central School District. A General Municipal Law Section 50(h) examination was conducted on October 13, 2016. At least 30 Days has elapsed since the service of said Notice of Claim and payment thereon has been neglected.

### FACTS

21.     The incidents giving rise to these damages occurred during the 2015-2016 school year, at the Lancaster Middle School while the Plaintiff's decedent, J. P., was a student at the Lancaster Central School District in the Lancaster Middle School, Town of Lancaster, County of Erie, and State of New York.

22.     During the 2015 to 2016 academic year and before, Plaintiff's decedent, J. P., was a Special Education student at Lancaster Central Middle School.

23.     J. P. suffered from disabilities that affected his learning.

24.     J. P. disabilities included but were not limited to Central Auditory Processing Disorder and Learning Disabilities.

25.     These disabilities substantially limited the ability of J.P.to perform the major life activities of speaking, learning, reading, concentrating, thinking, and communicating.  These disabilities also limited his ability to comprehend, process, and retain information, further substantially limited his ability to communicate in that he was unable to recognize emotions communicated by tone of voice and misunderstanding of social cues.

FILED: ERIE COUNTY CLERK 08/03/2017 05:19 PM
NYSCEF DOC. NO. 1

INDEX NO. 810677/2017

RECEIVED NYSCEF: 08/04/2017

Case 1:17-cv-00845-LJV-LGF   Document 1-1   Filed 08/28/17   Page 10 of 25

- Page 6 -

26. According to a Psychoeducational Evaluation done by the Defendant, Lancaster Central School District, the above mentioned disabilities, along with their limitations on the above mentioned major life activities, impacted J. P. to such an extent that special education services were needed.

27. At all times relevant hereto, J. P. was disabled within the meaning of the ADA and Rehabilitation Act and received services for individuals qualified under those Acts.

28. At the time of his death, J. was attending the Lancaster Central Middle School.

29. While attending the Lancaster Central Middle School, J. P. was subjected to continuing, recurring and unremedied harassment by school employees, and/or administrators, including Defendant Peter F. Kruszynski because of J.'s disabilities.

30. From on or about March 2016 through May 6, 2016, J. P. was negligently and/or intentionally subjected to inappropriate and illegal deprivations of due process, namely two suspensions in violation of New York educational law and/or federal law and in violation of the Lancaster School Districts policies. From early 2016 through May 6, 2016, J. P. also was subjected to negligent, harassing, threating and illegal interrogation and illegal searches and seizures of Mr. J. P.'s person and property. All of the foregoing caused severe emotional distress, embarrassment, intimidation, fear, shame, and scorn, which caused or contributed to and led to his death.

31. On or about May 6, 2016, Defendant Peter F. Kruszynski, improperly and negligently interrogated J. P.. During this meeting Defendant Peter F. Kruszynski made false

FILED: ERIE COUNTY CLERK 08/03/2017 05:19 PM
NYSCEF DOC. NO. 1

INDEX NO. 810677/2017

RECEIVED NYSCEF: 08/04/2017

Case 1:17-cv-00845-LJV-LGF  Document 1-1  Filed 08/28/17  Page 11 of 25

- Page 7 -

statements, harassed, bullied, and intimidated J. P. and secured participation of a police officer with the sole purpose of improperly intimidating and harassing J. P.

32.    As a result of defendants' negligence, recklessness, deliberately indifferent, and/or unlawful conduct, the Plaintiff's decedent J.P. sustained serious emotional harm and suffering which includes, but is not limited to, shame, scorn, intimidation, embarrassment, degradation, and fear all of which caused his death; and his surviving distributes have sustained pecuniary injuries.

33.    The defendants were negligent, grossly negligent, reckless and/or deliberately indifferent in the following ways:

- Making False Statements to J. P.

- Failing to properly train, supervise, and discipline employees;

- Promulgating a policy or custom which provides for and/or tolerates the commission of unconstitutional and tortious acts by its employees and/or administrators;

- Failing to appropriately discipline employees and/or administrators who commit unlawful and/or negligent acts done under color of law within the scope of their authority as public employees, principal, superintendent, members of school board;

- Failing to establish and act upon adequate policies, procedures and systems for reporting and investigating and correcting incidents of bullying and harassment so as to protect student victims of these acts by administrators;

- Failing to follow school district policies and procedures;

- Failing to comply with State Education Law;

FILED: ERIE COUNTY CLERK 08/03/2017 05:19 PM

NYSCEF DOC. NO. 1

INDEX NO. 810677/2017

RECEIVED NYSCEF: 08/04/2017

Case 1:17-cv-00845-LJV-LGF   Document 1-1   Filed 08/28/17   Page 12 of 25

- Page 8 -

- Failing to comply with federal statutory and constitutional law guiding investigations, searches, and seizures;

- Failing to take any and all appropriate steps to protect J. P., after having learned of the need to do so, with knowledge that posed a clear and present danger

- Continued to commit acts of cruelty toward J. P.;

- failing to establish a process for student interview and discipline in conformity with existing state and federal laws;

- failing to appropriately train, supervise, monitor and detect the contact between the Plaintiff's decedent and Respondents' employees;

- failing to promulgate and follow proper protocol and procedure for student interaction with district personnel;

- failing to disclose such information to appropriate personnel, and upon discovering same to the infant decedent's parents, further causing damage to the infant decedent; and

- failing to properly investigate the situation upon notification thereby subjecting the infant decedent to extensive, intimidating, embarrassing, harassing, illegal, irrelevant, and unauthorized questioning — without representation of a parent or counsel — all causing further extreme emotional distress, fear, pain and suffering.

Additionally, the Defendant Lancaster Central School District and the Defendant Lancaster Board of Education were negligent in failing to properly supervise the Plaintiff's decedent and such negligence caused the aforesaid injuries and resulting death.

FILED: ERIE COUNTY CLERK 08/03/2017 05:19 PM

INDEX NO. 810677/2017

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 08/04/2017

Case 1:17-cv-00845-LJV-LGF   Document 1-1   Filed 08/28/17   Page 13 of 25

- Page 9 -

34.    Furthermore, the Defendants, respective servants, and/or employees were negligent in allowing individuals to circumvent or thwart the appropriate and customary protocol, policies and rules to protect J. P. from such actions.

35.    Upon information and belief, the Lancaster Central School District, the Lancaster School Board, the BOARD MEMBERS, Superintendent Vallely, and the School District's employees or agents knew or should have known that School District employees or administrators were or may be violating the Education Laws of the State of New York.

36.    The nature and full extent of said injuries are ongoing and include such things as:

a.  Financial loss;

b.  Wrongful death;

c.  Pain and suffering;

d.  Physical harm;

e.  Emotional distress, mental anxiety, depression, and psychological trauma;

f.  Deprivation of companionship and loss of consortium;

g.  Humiliation, indignity, and shame;

h.  Loss of enjoyment of life;

i.  Harm and injury to family and community relations;

j.  Legal fees and expenses;

k.  Deprivation of human, civil, and constitutional rights in violation of laws and constitutions of the United States and the State of New York; and

l.  Plaintiffs may have otherwise been damaged.

- BROWN CHIARI LLP -

FILED: ERIE COUNTY CLERK 08/03/2017 05:19 PM

NYSCEF DOC. NO. 1

INDEX NO. 810677/2017

RECEIVED NYSCEF: 08/04/2017

Case 1:17-cv-00845-LJV-LGF   Document 1-1   Filed 08/28/17   Page 14 of 25

- Page 10 -

Damages stated above are only those known at this time, future economic, emotional and physical and other non-pecuniary damages are unknown.

## AS AND FOR A FIRST CAUSE OF ACTION,
## AS FOR DENISE PIECHOWICZ FOR WRONGFUL DEATH

37.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 35 above.

38.     The deliberate, reckless and/or negligent acts of the Defendants, as set forth above, both individually and in concert served to proximately caused J. P. undue stress, anxiety, strain, embarrassment and humiliation such that he committed suicide, as a direct result thereof.

39.     J. P.'s death was caused by the wrongful acts and omissions of the Defendants herein.

40.     As a result of said wrongful death, Plaintiffs and Plaintiffs decedent are entitled to receive damages for pain and suffering, loss of companionship as well as expected lifetime earnings, benefits, and other benefits which would have been received but for the acts of the Defendants as set forth above.

## AS AND FOR A SECOND CAUSE OF ACTION,
## FOR NEGLIGENCE

41.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 39 of this Complaint.

42.     Defendants owed J. P. a duty to provide a safe learning environment free from harassment and bullying.

43. Defendants failed to act in *locus parentis* or take appropriate action to protect one of their students, J. P., by ensuring the safety of the victim in taking corrective action through their own policies on bullying and harassment of one student by others and/or adopting new policies.

44. Defendants failed to establish and act upon adequate policies, procedures and systems for reporting, investigations and correcting incidents of bullying, hate crimes, and harassment so as to protect student victims of these acts by others.

45. Defendants condoned and tacitly approved the harassment and bullying by itself disparately treating J.P.

46. Defendants failed to appropriately discipline employees who have committed illegal or negligent acts done under color of law and within the scope of their authority as public employees or principal, superintendent, or members of the School Board.

47. Defendants promulgated a policy and/or custom which provides for and/or tolerates bullying and harassment by its employees.

48. Defendants failed to properly train, supervise and discipline its employees.

49. As a direct and proximate result of Defendants' negligence, Plaintiffs and Plaintiffs decedent have suffered injury and harm and are entitled to compensation therefor.

## AS AND FOR A THIRD CAUSE OF ACTION, FOR GROSS NEGLIGENCE

50. Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 48 of this Complaint.

FILED: ERIE COUNTY CLERK 08/03/2017 05:19 PM
NYSCEF DOC. NO. 1

INDEX NO. 810677/2017

RECEIVED NYSCEF: 08/04/2017

Case 1:17-cv-00845-LJV-LGF   Document 1-1   Filed 08/28/17   Page 16 of 25

- Page 12 -

51.     Defendants failed to act in *locus parentis* or take appropriate action to protect J. P. even with both actual and constructive notice of his victimization and disability. Defendants failed to take corrective action through enacting or enforcing policies on bullying and harassment of one student by others.

52.     Defendants failed to establish and act upon adequate policies, procedures and systems for reporting, investigating and correcting incidents of bullying, hate crimes, and harassment so as to protect student victims.

53.     Defendants condoned and tacitly approved the harassment and bullying by itself disparately treating J.P..

54.     Defendants promulgated a policy and/or custom which provides for and/or tolerates bullying and harassment.

55.     Defendants failed to properly train, supervise and discipline its employees.

56.     Defendants failed to take any and all appropriate steps to protect J.P., after having learned of the need to do so, all the time being aware that specific other named students posed a clear and present danger, and negligence of employees towards J.P.

57.     Defendants' acts and omission were so wanton, reckless, and indifferent as to constitute gross negligence.

58.     As a direct proximate result of Defendants gross negligence, Plaintiffs and Plaintiffs decedent have suffered injury and harm and are entitled to compensation therefor.

- BROWN CHIARI LLP -

FILED: ERIE COUNTY CLERK 08/03/2017 05:19 PM
NYSCEF DOC. NO. 1

INDEX NO. 810677/2017
RECEIVED NYSCEF: 08/04/2017

Case 1:17-cv-00845-LJV-LGF   Document 1-1   Filed 08/28/17   Page 17 of 25

- Page 13 -

### AS AND FOR A FOURTH CAUSE OF ACTION,
### AS FOR J. P. UNDER THE FOURTEENTH AMENDMENT
### TO THE UNITED STATES CONSTITUTION VIA 42U.S.C. § 1983

59.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 57 as if fully set forth herein.

60.     At all times relevant hereto, J. P. and Defendants Lancaster Central School District and its employees, board members, and agents had a special relationship whereby Defendants had a constitutional duty to protect J. P. Alternatively, said Defendants exposed J. P. to danger implicitly and explicitly committing, condoning or allowing acts of bullying against J. P., and subjecting him to discipline and otherwise treating him disparately as to other students/ instigators and allowing faculty to speak negatively about J.P. in the presence of J., other students, and to his parents.

61.     Defendants were deliberately and or/ recklessly indifferent to the continuous bullying, harassment and discrimination against J. P. thereby breaching their constitutional duty.

62.     Defendant Peter F. Kruszynski, Defendant Vallely, the BOARD MEMBERS, Defendant Perini, Defendant Armstrong, and/or Defendant Kufel acting under the color of New York State Law, denied and deprived J. P. of the rights and privileges protected by Federal Law and the U.S. Constitution to J. P. injury, detriment, and death.

63.     Defendants LANCASTER CENTRAL SCHOOL DISTRICT , LANCASTER BOARD OF EDUCATION were persons acting through official policies, practices, or customs, and under color of law of the State of New York, when they denied and deprived J.P. of the

FILED: ERIE COUNTY CLERK 08/03/2017 05:19 PM
NYSCEF DOC. NO. 1

INDEX NO. 810677/2017

RECEIVED NYSCEF: 08/04/2017

Case 1:17-cv-00845-LJV-LGF   Document 1-1   Filed 08/28/17   Page 18 of 25

- Page 14 -

rights and privileges protected by federal law and the U.S. Constitution to J. P.'s injury, detriment, and death.

64.     As a direct and proximate cause of the Defendants' aforementioned unconstitutional acts and omissions, Plaintiff and Plaintiff's decedent have been injured and harmed and are entitled to compensation therefor.

65.     Plaintiff and Plaintiff's decedent are entitled to attorney's fees, and make claim to attorneys fees, pursuant to federal statute, to wit, 42 U.S.C. § 1988.

**AS AND FOR A FIFTH CAUSE OF ACTION,
AS FOR J.P. UNDER THE NEW YORK CONSTITUTION**

66.     Plaintiff repeats and re-alleges each and every allegation set for in paragraph 1 through 64 as if fully set forth herein.

67.     At all times relevant hereto, J. P. and defendants Lancaster Central School District and its employees, board members, and agents had a special relationship whereby Defendants had a constitutional duty to protect J. P..

68.     Alternatively, said Defendants exposed J. P. to danger by implicitly and explicitly condoning or allowing acts of bullying against J. P., and subjecting him to discipline and otherwise treating him disparately as to other students/instigators and allowing faculty to speak negatively about J. P.z in the presence of J., other students, and to his parents.

69.     Defendants were deliberately and/or recklessly indifferent to the continuous bullying, harassment and discrimination against J. P. thereby breaching their constitutional duty under article I, Section 6 of the New York Constitution.

FILED: ERIE COUNTY CLERK 08/03/2017 05:19 PM                INDEX NO. 810677/2017
NYSCEF DOC. NO. 1   Case 1:17-cv-00845-LJV-LGF   Document 1-1   Filed 08/28/17   Page 19 of 25   RECEIVED NYSCEF: 08/04/2017

- Page 15 -

70.     As a direct and proximate cause of Defendants' aforementioned unconstitutional acts and omissions, Plaintiff and Plaintiff decedent have been injured and harmed and are entitled to compensation therefor.

### AS AND FOR A SIXTH CAUSE OF ACTION, AS FOR J.P. UNDER THE NEW YORK CONSTITUTION

71.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 69 as if fully set forth herein.

72.     At all times relevant hereto, J. P. was a member of a class of persons suffering from disabilities.

73.     J. P. was discriminated against on the basis of disability and treated disparately in comparison to students outside the class of persons suffering from disabilities and said disparate treatment was, upon information and belief, intentional and based on his disabilities.

74.     *Inter alia,* Defendants caused and failed to take action to protect J. P. from bullying, harassment and discrimination because of his disabilities as well as themselves engaged in discrimination because of his disabilities.

75.     As a direct proximate cause of Defendants' aforementioned unconstitutional acts and omissions, in violation of Article I, Section 11 of the New York Constitution, Plaintiff and Plaintiff's decedent have been injured and harmed and is entitled to compensation therefor.

### AS AND FOR A SEVENTH CAUSE OF ACTION, AS FOR J.P. AND DENISE PIECHOWICZ UNDER THE ADA

76.     Plaintiff repeat and re-alleges each and every allegation set forth in paragraph 1 through 74 as if fully set forth herein.

FILED: ERIE COUNTY CLERK 08/03/2017 05:19 PM
NYSCEF DOC. NO. 1

INDEX NO. 810677/2017

RECEIVED NYSCEF: 08/04/2017

Case 1:17-cv-00845-LJV-LGF  Document 1-1  Filed 08/28/17  Page 20 of 25

- Page 16 -

77.     At all times relevant hereto, J. P.was an individual with a disability under the ADA.

78.     At all times relevant hereto, Defendant Lancaster Central School District was a public entity covered under Title II of the ADA.

79.     Defendant Lancaster Central School District violated Title II of the ADA in that J. P. was subjected to discrimination based on his disabilities while enrolled and attending school at said School District and/or suffered from policies, practices, and/or procedures which had discriminatory effect.

80.     *Inter alia*, Defendants caused and failed to take action to protect J.P. from bullying, harassment and discrimination because of his disabilities as well as themselves engaging in discrimination because of his disabilities. Defendants also retaliated against J.P. for opposing said bullying, harassment and discrimination. Such conduct ultimately resulted in the suicide of J. P.

81.     As a direct proximate cause of Defendants' aforementioned unlawful acts and omissions, Plaintiffs and Plaintiffs decedent have been injured and harmed and are entitled to compensation therefor.

## AS AND FOR A EIGHTH CAUSE OF ACTION, AS FOR J.P. AND DENISE PIECHOWICZ UNDER THE REHABILITATION ACT

82.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 80 as if fully set forth herein.

FILED: ERIE COUNTY CLERK 08/03/2017 05:19 PM
NYSCEF DOC. NO. 1

INDEX NO. 810677/2017

RECEIVED NYSCEF: 08/04/2017

Case 1:17-cv-00845-LJV-LGF   Document 1-1   Filed 08/28/17   Page 21 of 25

- Page 17 -

83.     At all times relevant hereto, J. P. was an individual with a disability under the Rehabilitation Act.

84.     At all times relevant hereto, Defendant Lancaster Central School District was a public entity receiving federal financial assistance and thus covered under the Rehabilitation Act.

85.     Defendant Lancaster Central School District violated the Rehabilitation Act in that J. P. was subjected to discrimination based on his disabilities while enrolled and attending school at said School District.

86.     *Inter alia*, Defendants failed to take action to protect J. P. from bullying, harassment and discrimination because of his disabilities as well as themselves engaging in discrimination because of his disabilities. Defendants retaliated against J. P. for opposing said bullying, harassment and discrimination. Defendants also retaliated against Denise Piechowicz for advocating for her disabled son.

87.     As a direct and proximate cause of Defendants' aforementioned unlawful acts and omissions, Plaintiffs and Plaintiffs decedent have been injured and harmed and are entitled to compensation therefor.

### AS AND FOR A NINTH CAUSE OF ACTION, FOR PLAINTIFFS DENISE PIECHOWICZ FOR INTENTIONAL AND/OR RECKLESS AND/OR NEGLIGENT INFLICTION OF SEVERE EMOTIONAL DISTRESS

88.     Plaintiff  repeats and re-alleges each and every allegation set forth in paragraph 1 through 86 of this Complaint.

89.     The actions of Defendant Peter F. Kruszynski, were outrageous and utterly intolerable in a civilized community.

FILED: ERIE COUNTY CLERK 08/03/2017 05:19 PM
NYSCEF DOC. NO. 1

INDEX NO. 810677/2017

RECEIVED NYSCEF: 08/04/2017

Case 1:17-cv-00845-LJV-LGF   Document 1-1   Filed 08/28/17   Page 22 of 25

- Page 18 -

90.     At all times relevant hereto, Defendant Peter F. Kruszynski acted intentionally and/or recklessly and/or negligently.

91.     Defendant Peter F. Kruszynski actions caused Plaintiff J. P. severe emotional distress, which directly caused him inury and caused his death.

92.     As a direct and proximate result of Defendant's outrageous actions, Plaintiffs and Plaintiffs decedent have suffered injury and harm and are entitled to compensation therefor.

### AS AND FOR A TENTH CAUSE OF ACTION, ### AS FOR J. P. UNDER N.Y. CIVIL RIGHTS LAW §79-n

93.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraph 1 through 91 above.

94.     All Defendants, through acts of omission or commission, intentionally selected J.P. for harm, and caused J. P. injury and harm as set forth in the proceeding paragraphs in whole or in substantial part because of a belief or perception regarding J.'s disability.

95.     The acts and/or omissions of the Defendants constituted a hate crime.

96.     As a direct result and proximate result of Defendants' actions and/or omissions, Plaintiff and Plaintiffs decedent have suffered injury and harm as set forth herein and are entitled to compensation therefore.

**WHEREFORE**, Plaintiffs respectfully requests judgement against the Defendants, jointly and severely as follows:

a) Judgement awarding Plaintiffs compensatory damages in a sum to be determined at trial of this matter, exceeding the jurisdictional minimum;

FILED: ERIE COUNTY CLERK 08/03/2017 05:19 PM
INDEX NO. 810677/2017
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/04/2017

Case 1:17-cv-00845-LJV-LGF   Document 1-1   Filed 08/28/17   Page 23 of 25

- Page 19 -

b) Judgement awarding Plaintiff punitive damages in a sum to be determined at trail of this matter

c) For each Cause of Action, granting the following injunctive relief:

    1. Require the Defendants to review and correct all unconstitutional, discriminatory and retaliatory treatment and conduct within the Lancaster Central School District;

    2. Provide equal opportunities, terms, and benefits to all students attending schools in the Lancaster Central School District;

    3. Mandate training and educational programs for employees and students about discrimination and retaliation;

    4. Require annual reports demonstrating efforts and success at compliance in providing a discrimination, harassment and bully free education environment;

d) Attorney's fees and costs as provided by law, including but not limited to 42 U.S.C. §1988.

e) Declaratory relief that the Defendants violated the Plaintiffs right under the law;

f) Granting such other and further relief as the Court may deem just and proper.

DATED: Buffalo, New York
       August 3, 2017

                    Colleen P. Fahey, Esq. for
                    BROWN CHIARI LLP
                    **Attorneys for Plaintiff**
                    2470 Walden Avenue

Buffalo, New York 14225-4751
(716) 681-7190

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK)
COUNTY OF ERIE)        ss.:

DENISE PIECHOWICZ, being duly sworn, deposes and says: that deponent is Plaintiff in the within action; that deponent has read the foregoing Plaintiff's Verified Complaint to Defendants LANCASTER CENTRAL SCHOOL DISTRICT,PETER F. KRUSZYNSKI, LANCASTER BOARD OF EDUCATION, KENNETH GRABER, ESQ., PATRICK UHTEG,WENDY BUCHERT,WILLIAM GALLAGHER,MARY MACKAY,KIMBERLY NOWAK, MICHAEL SAGE,MICHAEL VALLELY, PhD,MARIE PERINI,JOHN ARMSTRONG,ANDREW KUFEL, and knows the contents thereof; that the same is true to deponent's own knowledge, except as the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

X _Denise Piechowicz_
DENISE PIECHOWICZ

Sworn to before me this
3rd day of August, 2017

_____
NOTARY PUBLIC

TIMOTHY M. HUDSON
Notary Public. State of New York
Qualified in Erie County
My Commission Expires 12-21-17 -