UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DENISE PIECHOWICZ, individually and
as Administratrix of the Estate of J.P.,
deceased,

        Plaintiff,

  v.

LANCASTER CENTRAL SCHOOL
DISTRICT, et al.,

        Defendants.

17-CV-845
DECISION AND ORDER

---

This case concerns the tragic suicide of J.P., a special-education student at Lancaster Central Middle School. The plaintiff, Denise Piechowicz, is J.P.'s mother and the adminstratrix of his estate. On August 3, 2017, Piechowicz filed a complaint in New York State Supreme Court, Erie County, asserting claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, New York Civil Rights Law § 79-n, New York Estate Powers and Trusts Law § 5-4.1, the New York Constitution, and New York common law. Docket Item 1-1.

On August 28, 2017, the defendants removed the action to this Court. Docket Item 1. That same day, the defendants moved to dismiss for failure to state a claim on which relief can be granted. Docket Item 4. On November 13, 2017, the plaintiff responded to the defendants' motion to dismiss, Docket Item 11, and on November 29, 2017, the defendants replied, Docket Item 12.

In the meantime, on September 8, 2017, this Court referred this case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C.

§ 636(b)(1)(A) and (B).  Docket Item 5.  On March 21, 2018, Judge Foschio issued a Report and Recommendation ("R&R") finding that the defendants' motion should be granted and that the complaint should be dismissed without allowing the plaintiff leave to amend.  Docket Item 13.

On April 10, 2018, the plaintiff objected to the R&R, arguing that the state pleading standard should apply to a removed action and that even if the federal standard applied, her complaint met the federal standard.  Docket Item 16.  On April 30, 2018, the defendants responded to the objection, Docket Item 19, and on May 14, 2018, the plaintiff replied, Docket Item 20.  This Court heard oral argument on the plaintiff's objection on November 13, 2019, and reserved decision.  Docket Item 23.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the thorough R&R, the record in this case, the objection and response, and the pleadings and materials submitted by the parties.  Based on that de novo review, this Court accepts in part and modifies in part Judge Foschio's findings.

As explained in more detail below, this Court agrees with Judge Foschio that the federal pleading standard applies.  This Court also agrees that the claims against the following defendants should be dismissed without leave to amend:  the Lancaster Board of Education ("the Board"); Board President Kenneth Graber, Esq.; Board Vice

2

President Patrick Uhteg; Board members Wendy Buchert, William Gallagher, Mary MacKay, Kimberly Nowak, and Michael Sage; School District Superintendent Michael Vallely, Ph.D.; School District Assistant Superintendent for Curriculum, Instruction & Pupil Services Marie Perini, Ed.D.; School District Director of Special Education John Armstrong; and School District Director of Secondary Education Andrew Kufel, Ph.D. But this Court disagrees with Judge Foschio's recommendation to deny the plaintiff leave to amend her complaint as to defendants Principal Peter Kruszynski and the Lancaster Central School District ("the District").

## DISCUSSION

The Court assumes the reader's familiarity with the facts alleged in the complaint, *see* Docket Item 1-1, and Judge Foschio's analysis in the R&R, *see* Docket Item 13.

### I. PLEADING STANDARD

This Court accepts and adopts Judge Foschio's finding that the federal pleading standard applies. *Id.* at 6-9. The plaintiff acknowledges that in arguing that the state pleading standard applies, she "is asking the Court to swim against the tide" as "[t]wo sister circuits (and some district courts) have ruled that *Iqbal*'s plausibility analysis applies on removal." Docket Item 16 at 7 n.1; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)). Moreover, a plain reading of Rule 81 dictates that the federal pleading standard applies to a motion to dismiss filed after an action has been removed. *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action *after* it is removed from a

state court." (emphasis added)). In fact, by providing that "[a]fter removal, repleading is unnecessary *unless the court orders it*," Fed. R. Civ. P. 81(c)(2) (emphasis added), Rule 81 implicitly acknowledges that there are circumstances in which a state court complaint must be repleaded in federal court—for example, when a defendant has successfully argued in a motion to dismiss that the complaint does not meet federal pleading requirements.

## II. 50-H HEARING TRANSCRIPT

This Court also accepts and adopts Judge Foschio's finding that this Court cannot consider the contents of the plaintiff's 50-h hearing transcript in evaluating her complaint. Docket Item 13 at 11-14. As Judge Foschio explained, the plaintiff does not merely ask the Court to take notice of the transcript, she "relies on the veracity of her statements in the 50-h hearing." *Id.* at 14. That is not permitted in opposing a motion to dismiss. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (explaining that "[i]f the court takes judicial notice [of documents outside the complaint], it does so in order 'to determine *what* statements [they] contained'—but '. . . *not for the truth of the matters asserted*'" (emphasis in original) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991))).[1]

## III. LANCASTER BOARD OF EDUCATION AND INDIVIDUAL DEFENDANTS

This Court agrees with Judge Foschio that the complaint fails to state a claim against the Board and the individual defendants—with the exception of Principal

---

[1] Of course, the plaintiff may incorporate the facts she testified to at the 50-h hearing into her amended complaint.

4

Kruszynski—and that amendment would be futile with respect to those defendants. The plaintiff effectively conceded that her complaint fails to state a claim against those defendants under the federal standard. *See* Docket Item 16 at 3 ("Even if *Iqbal* analysis is appropriate, plaintiff's complaint alleges plausible facts to satisfy Rule 8(a)(2) and states a civil rights claim *against Principal Kruszynski*, and federal statutory causes of action *against the school district*, as well as state law claims *against Principal Kruszynski and the school district*." (emphasis added)). Nor is there is any indication that the plaintiff would be able to meet the federal standard with respect to the Board and the other individual defendants if given leave to amend. Indeed, at oral argument, the plaintiff's counsel acknowledged that the plaintiff did not have additional facts to allege against those defendants.

Accordingly, this Court accepts and adopts Judge Foschio's recommendation to dismiss the claims against the Board and the individual defendants—except Principal Kruszynski—without leave to amend. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if [she] fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in [her] complaint.").

**IV.     SECTION 1983 CLAIMS**

This Court also agrees with Judge Foschio's analysis regarding municipal liability, *see* Docket Item 13 at 17-20, and the plaintiff's equal protection claim, *see id.* at 28-30. This Court modifies Judge Foschio's findings, however, with respect to the plaintiff's substantive and procedural due process claims, as explained in more detail below. Moreover, this Court finds that it would be fundamentally unfair to dismiss the

5

plaintiff's claims against the District and Principal Kruszynski—which were pleaded under the state standard—without giving the plaintiff an opportunity to amend her complaint.[2]

Regarding the plaintiff's substantive due process claim, Judge Foschio found that "even assuming that the plaintiff could demonstrate she fell into the state-created danger exception," she did not adequately allege "extreme and outrageous conduct shocking contemporary conscience." *Id.* at 25. This Court disagrees. The complaint alleges that on the day that J.P.—a student with learning disabilities, including Auditory Processing Disorder—committed suicide, Principal Kruszynski "improperly and negligently interrogated [him]." Docket Item 1-1 ¶¶ 23-24, 31. Specifically, "Kruszynski made false statements, harassed, bullied, and intimidated J.P.[,] and secured participation of a police officer with the sole purpose of improperly intimidating and harassing J.P." *Id.* ¶ 31. Accepting these allegations as true, this Court finds that a reasonable jury could deem the principal's actions to be extreme and outrageous conduct shocking contemporary conscience.[3]

---

[2] As explained above, the Court agrees with Judge Foschio that amendment would be futile as to the remaining defendants.

[3] Judge Foschio relied heavily on the Second Circuit's analysis in *Spring v. Allegany-Limestone Central School District*, 655 F.Appx. 25 (2d. Cir. July 14, 2016), because of the "strong similarities between claims advanced" here and in that case. Docket Item 13 at 9. Although it is true that both cases involve claims against schools for the suicide of a special-education student, *Spring* did not involve allegations of direct affirmative harassment and bullying by a school administrator as this case does. Instead, it involved the school's response—or, in many instances, lack of response—to harassment and bullying by fellow students. *See Spring v. Allegany-Limestone Cent. Sch. Dist.*, 138 F. Supp. 3d 282, 287-89 (W.D.N.Y. 2015).

Whether these allegations plausibly satisfy the state-created danger exception is a closer question. Although this Court does not agree with Judge Foschio that "the allegations against Principal Kruszynski are too *vague and sparse* to state a claim for a due process violation based on the state created danger theory," Docket Item 13 at 24 (emphasis added), this Court questions whether the complaint plausibly alleges that Kruszynski knew or should have known that he was putting J.P. at risk of suicide. *Cf. Armijo v. Wagon Mound Public Schools*, 159 F.3d 1253, 1263-64 (10th Cir. 1998) (denying summary judgment because of possibility that school created a dangerous condition by suspending the plaintiff who had previously threatened suicide and leaving him at his home alone where he had access to firearms). Because the plaintiff may amend her complaint, however, the Court need not definitively decide at this juncture whether the facts in the current complaint are enough to demonstrate the principal's knowledge that he was creating a danger.

Regarding the plaintiff's procedural due process claim, Judge Foschio found that there was no violation because "an Article 78 proceeding has been held sufficient to review both a school official's justification for searching a student on premises, as well as any resulting discipline." Docket Item 13 at 27. In support of this conclusion, Judge Foschio relied on *J.F. v. Carmel Cent. Sch. Dist.*, 168 F. Supp. 3d 609, 618-20 (S.D.N.Y. 2016) (granting the defendants' motion for summary judgment on the plaintiffs' procedural due process claims). This Court disagrees that *J.F.* supports dismissal at this stage. First, the court in *J.F.* acknowledged that it was "unaware of any cases concerning the availability of an Article 78 proceeding to review a school official's justification for searching a student on school premises." *Id.* at 620. Second, *J.F.* was

7

decided on summary judgment, not a motion to dismiss, and did not involve a student who had committed suicide. But this Court agrees with Judge Foschio that more detail is needed for the plaintiff's procedural due process claim to meet the federal pleading standard. So the plaintiff may amend her complaint in this regard as well.

V.     **ADA AND REHABILITATION ACT CLAIMS**

This Court largely agrees with Judge Foschio's analysis of the plaintiff's ADA and Rehabilitation Act claims, Docket Item 13 at 30-34, except that this Court finds that the plaintiff should be allowed to replead these claims.

VI.     **NEW YORK STATE LAW CLAIMS**

Because the Court grants the plaintiff leave to amend, it declines to address the viability of plaintiff's state-law claims against Principal Kruszynski and the District as currently pleaded. If the plaintiff amends her complaint and the defendant again moves to dismiss, this Court will address the state-law claims at that time.

VII.     **DAMAGES**

The Court adopts Judge Foschio's recommendation that the plaintiff's claims for injunctive relief, damages for deprivation of companionship and loss of consortium, and punitive damages under the ADA and the Rehabilitation Act be dismissed. Docket Item 13 at 48-49. The Court, however, declines to adopt Judge Foschio's recommendation regarding the plaintiff's claim for punitive damages against defendant Kruszynski. As with the plaintiff's state law claims, the Court will revisit this issue if the plaintiff amends her complaint and the defendant files a subsequent motion to dismiss.

## **CONCLUSION**

For the reasons stated above and in the portions of the R&R that this Court has adopted, the defendants' motion to dismiss, Docket Item 4, is GRANTED IN PART AND DENIED IN PART. The plaintiff may file an amended complaint against defendants Kruszynski and the District **on or before January 6, 2020.** The plaintiff's claims against the remaining defendants, as well as her claims for injunctive relief, compensatory damages for deprivation of companionship and loss of consortium, and punitive damages under the ADA and the Rehabilitation Act, are dismissed without leave to amend. The case is referred back to Judge Foschio for further proceedings consistent with the referral order of September 8, 2017, Docket Item 5.

SO ORDERED.

Dated: December 2, 2019
Buffalo, New York

 *s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE